# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

### CIVIL ACTION NO. 1:07-CV-146

**RONDEL L. DAVIS**                                                                    **PLAINTIFF**

**V.**

**THE CITY OF SMITHS GROVE and**
**DAVID KING, in his official and**
**individual capacity**                                                           **DEFENDANTS**

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon a partial motion to dismiss by Defendant. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is **GRANTED in part** and **DENIED in part**.

### I. FACTS

In his Complaint, the Plaintiff alleges that Defendant David King, a law enforcement officer for the City of Smiths Grove, assaulted and arrested him without cause. (DN 1, Complaint, ¶ 2-3). The Complaint asserts claims against the Defendants for assault and battery and for the tort of outrage. The Complaint also asserts that the Plaintiff is entitled to punitive damages.

### II. LEGAL STANDARD

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),

> the court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. <u>Kottmyer v. Maas</u>, 436 F.3d 684, 688 (6th Cir. 2006). Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. <u>Bovee v. Coopers & Lybrand C.P.A.</u>, 272 F.3d 356, 361 (6th Cir. 2001). Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007). The factual allegations, assumed to be true, must do more than create speculation

or suspicion of a legally cognizable cause of action; they must show entitlement to relief. Id. at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 1969.

LULAC v. Bredesen, 2007 FED App. 0341P, *5-6 (6th Cir. 2007).

### III. ANALYSIS

In their partial motion to dismiss, the Defendants argue that the Plaintiff's claims under the tort of outrage and for punitive damages should be dismissed. The Court will consider each of these arguments in turn.

### A. The Tort of Outrage

The Defendants first argue that the Plaintiff's claim for the tort of outrage should be dismissed because, under Kentucky law, this tort only provides a remedy when no other tort, such assault, battery, and/or negligence is available. In Rigazio v. Archdiocese of Louisville, the court held:

> where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie. Recovery for emotional distress in those instances must be had under the appropriate traditional common law action.

853 S.W.2d 295, 299 (Ky. App. 1993).

At this stage, it is premature to determine whether the Defendant's conduct was only intended to cause extreme emotional distress, therefore, it is too early to decide whether the tort of outrage should be dismissed.

### B. Punitive Damages

The Defendants also argue that the Plaintiff's claim for punitive damages against the City of Smiths Grove and against Officer King, in his official capacity, should be dismissed since

2

municipalities are immune from punitive damages under 42 U.S.C. § 1983.  The Court agrees. The Supreme Court has held that punitive damages generally cannot be recovered against a municipality under § 1983.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260-261 (1981)(cited by Chonich v. Wayne County Community College, 973 F.2d 1271, 1274, n. 3 (6th Cir. 1992)).  Thus, courts have reasoned that because "bringing suit against governmental official in his or her official capacity is tantamount to bringing suit against the official's office, it follows that punitive damages are not available against governmental officials sued in their official capacities." Powell v. Alexander, 391 F.3d 1, 23 (1st Cir. 2004); see also Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir. 1997).

### IV. CONCLUSION

For the foregoing reasons, the Defendants' motion for partial dismissal is **GRANTED** as to punitive damages against the City and Officer King, in his official capacity, and **DENIED** as to the tort of outrage.

cc: Counsel of Record

3